OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KALKA

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KALKA
2024 OK 29
Case Number: SCBD-7576
Decided: 05/06/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 29, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JOSEPH DEWAYNE KALKA, Respondent.

ORDER APPROVING RESIGNATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 The State of Oklahoma ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of Joseph Dewayne Kalka (Respondent), OBA No. 33206, from membership in the Oklahoma Bar Association. Respondent wishes to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. A, app. 1-A, https://govt.westlaw.com/okjc. Upon consideration of the Complainant's application and the Respondent's affidavit in support of resignation, we find:

1) On March 21, 2024, Respondent submitted his written Affidavit of Resignation from membership in the Oklahoma Bar Association pending investigation of a disciplinary proceeding.

2) Respondent's Affidavit reflects that:
a. The affidavit was freely and voluntarily rendered;
b. He was not subjected to coercion or duress; and
c. He was fully aware of the consequences of submitting the resignation.

3) Respondent states that although he is aware that the resignation is subject to the approval of the Supreme Court of the State of Oklahoma, he will treat it as effective on the date of filing his resignation. Respondent is aware of an investigation by the Bar Association regarding the following criminal conviction which is sufficient as a basis for discipline:

a. State of Oklahoma v. Joseph Dewayne Kalka, Lincoln County, Case No. CF-2022-265: On October 26, 2022 Kalka was charged with (Count 1) Domestic Abuse by Attempted Strangulation by strangling or attempting to strangle Laura Kalka, his wife, and (Count 2) Domestic Abuse -- a misdemeanor by striking Laura Kalka, his wife, about the head, face and body with his hands and fists.[1] On October 13, 2023 Kalka pled guilty to these charges, he received a term of imprisonment with execution of sentence suspended as follows: a term of three (3) years for Count 1 and one (1) year for Count 2; each count to run concurrently one with the other. Kalka was ordered to pay a $100 fine for Count 1 and $100 fine for Count 2.

4) Respondent is aware that a Notice of Criminal Plea of Guilty and Suspended Sentence was filed in this case on November 7, 2023 and that pursuant to Rule 7.2, Rules Governing Disciplinary Proceedings (RGDP), the documents submitted as exhibits to the Notice are "conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline."

5) Respondent is further aware that on December 27, 2023, this Honorable Court referred this matter to the Professional Responsibility Tribunal (PRT) to hold a hearing, to make a recommendation on whether final discipline should be imposed, and to make a recommendation of the final decision to be imposed.

6) Respondent is aware that should the PRT find that final discipline should be imposed, his conduct as set forth in the Notice would constitute at a minimum, violations of Rules 8.4 (a) and (b) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2021, ch. 1, a, 3-A and Rule 1.3, RGDP, and his oath as an attorney.

7) Respondent is aware that the burden of proof regarding the allegations set forth in the Complaint and in the above referenced grievances rests upon the Oklahoma Bar Association. However, Respondent waives any and all right to contest these allegations.

8) Respondent is aware that pursuant to Rule 8.2, RGDP, either approval or disapproval of this resignation is within the discretion of Supreme Court of Oklahoma.

9) Respondent is familiar with the provisions of Rule 9.1 RGDP, and he herby agrees to comply with all provisions of Rule 9.1 within twenty (20) days following the Court's approval of my resignation pending disciplinary proceedings.

10) Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

11) The official roster address of Respondent as shown by the Oklahoma Bar Association records is: 2511 S. Clay Rd., Yale, OK 74085-6734.

12) Respondent affirmed that he would tender his Oklahoma Bar Association membership card to the office of the General Counsel or destroy it.

13) Respondent acknowledges that he is responsible to reimburse any costs of these proceedings that the Supreme Court orders him to pay prior to seeking reinstatement.

14) Respondent acknowledges that his actions may result in claims against the Client Security Fund, and he agrees to reimburse the fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and

15) Respondent stated that he had the opportunity to seek and obtain the advice of legal counsel on these matters, including the resignation submitted herein.

16) Having so stated, Respondent requested that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

¶2 It is therefore ORDERED that Complainant's application is approved and Respondent's resignation during the pendency of disciplinary proceedings is accepted and approved effective March 21, 2024.

¶3 It is further ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he makes no application for reinstatement to membership in the Oklahoma Bar Association prior to May 5, 2029.

¶4 It is further ORDERED that Respondent comply with Rule 9.1 of the RGDP, 5 O.S.2021, ch. 1 app. 1-A, by no later than May 27, 2024.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 6th day of May, 2024.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR

FOOTNOTES

[1] Probable Cause Affidavit filed in State of Okla. v. Joseph Wayne Kalka, Case No. CF-2022-265, Lincoln Co. provides that his wife was visibly distraught with raspy voice- with marks on her neck and redness on her left side of head and bite marks on her left shoulder. Wife had come home from church at 8 p.m. on October 19, 2022 to find Respondent intoxicated. Respondent began yelling at wife and their children and he followed her into the bedroom. When she sat on the bed, Respondent "choked her by putting his thumbs to her neck and pushing into her throat... Joseph threatened to 'blow his brains out the back of his head.'" Respondent grabbed his pistol and continued threatening to shoot himself- he then "hit Laura in the left side of the head with the same hand his pistol was in." Wife then ran out of the house with the kids to the truck. Respondent followed her and attempted to stop her by biting her arm. When she got to the truck, Respondent "used his arm and wrapped it around her neck and began to try to pull her out of the car by her neck which was choking her."

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA